# COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: **Lewis** _____ **Daronta** _____ **T** _____
    (Last)         (First)         (Middle)

Prisoner Number: **BH5097**

Institutional Address: **CALIFORNIA HEALTH CARE FACILITY (CHCF)**
**7707 S. Austin, RD. Stockton, Calif, 95213.**

---

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**DARONTA T. LEWIS**
(Enter your full name.)

vs.

**#0. STATE OF CALIFORNIA - AND - CDCR.**
**#00. STATE OF CALIFORNIA GOV. GAVIN NEWSOM.**
**#000. CALIFORNIA DEPT OF CORRECTIONS and REHABILITATION.**
**#1 CONNIE GIPSON (DIRECTOR OF CDCR)**
(Enter the full name(s) of the defendant(s) in this action.)
**ADDITIONAL DEFENDANT(S) ATTACHED**

FILED

Apr 15 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

Case No. **3:20-cv-02613-WHO (PR)**
(Leave blank; to be provided by Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A.  Place of present confinement **CALIFORNIA HEALTH CARE FACILITY. (CHCF)**

B.  Is there a grievance procedure in this institution?  **YES ☒   NO ☐**

C.  If so, did you present the facts in your complaint for review through the grievance procedure?  **YES ☒   NO ☐**

D.  If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

    1. Informal appeal: **SATF-E-19-01717. ATTACHED.**
      **STAFF COMPLAINT. AGAINST. Employees & Public Entities And superiors of Employees (Informal level by passed.)**

COMPLAINT *Page 1 of 1*    **Page (00)**

DEFENDANT STATE WAIVE ITS IMMUNITY BY ACCEPTING FEDERAL FUNDING UNDER REHABILITATION ACT.
(Clark V. CAL Dep't of corrections)

#0. STATE OF CALIFORNIA
NAME OF DEFENDANDANT — IS DEFENDANT NUMBER ZERO. EMPLOYED
AS Public entity OVERSEER OPERATOR OF STATE PRISON's 27 CALIFORNIA SUBSTANCE ABUSE
POSITION and TITLE
TREATMENT FACILITY.

#00. State of california, Governor Gavin Newsom. IS DEFENDANT
NUMBER ZERO ZERO. Employed as Governor of the State
of california. WHICH REGULATE OPERATIONS OF STATE PRISONS.
#000. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION.

#2. SECRETARY OF CDCR RALPH DIAZ IS DEFENDANT (two) EMPLOYED
AS SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS
AND REHABILITATION.
RALPH DIAZ IS SECOND IN CHARGE OVER CDCR-STATE PRISONS.
UNDER HIS BOSS GAVIN NEWSOM. RALPH DIAZ GIVE HIS
FINAL DECISION TO HIS DIRECTOR. UNDER HIM. THIRD IN-
CHARGE. REGARDING Approvals & DISapprovals on complaint remedies.

#1. CONNIE GIPSON : IS DEFENDANT (ONE) EMPLOYED AS
DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS
AND REHABILITATION. REGARDING Approval & DISAPPROVALS on
INMATE'S NOTICES OF Violations AND DEPRIVATIONS OF (ADA) complaints)
ON; SERVICES_ REMEDIES, PROGRAMS_REMEDIES; ACTIVITIES_
REMEDIES. AND DEFENDANTS. REPORT SUPERIORS ABOVE THEM

#3. STUART SHERMAN. DEFENDANT NUMBER (ONE)
EMPLOYED AS; HIRING AUTHORITY (WARDEN) AT CSATF. CALIFONIA
SUBSTANCE ABUSE TREATMENT FACILITY: OVERSEER OF SATF-PRISON.
RESPONSIBILITY OF SAFETY, TREATMENT, AND CONDITIONS AT HIS-PRSON.

#4. S. SMITH. Defendant (four) Employed AS Americans WITH
DISABILITIES ACT. ASSOCIATE WARDEN. AT: CSATF. CALIFORNIA
SUBSTANCE ABUSE FACILITY. RESPONSIBLE FOR ADA-COMPLIANCE
ON STATE PROPERTY, GROUNDS, PREMISES. SAFETY, TRAINING, AIDS,
DEVICES, INSPECTIONS, REQUIREMENTS, AND ADA-OPERATIONS (SERVICES)

# S. SMITH. Defendant. Employed AS LIEUTENANT OF CTC, AT CSATF
# 6. JOHNSON, Defendant. Employed AS CAPTAIN OF CTC. AT CSATF.
# 8. B.PIPER. Defendant Employed AS SERGANT OF CTC AT CSATF.
9. NIKKI JOHNSON. TRANSPORT OFFICER AT CSATF.
10. J. JIMENEZ. TRANSPORT OFFICER AT CSATF.

2 OF ___

## B. DEFENDANTS

9. Name of first Defendant: _NiKki JOHNSON #23955_ . The first Defendant is employed as:
_CORRECTION OFFICER/TRANSPORT-ADA_   at _CSATF._ .
(Position and Title)                                    (Institution)

10. Name of second Defendant: _J. Jimenez #14430_ . The second Defendant is employed as:
_CORRECTION OFFICER/TRANSPORT-ADA_   at _CSATF_
(Position and Title)                                    (Institution)

6. Name of third Defendant: _JOHNSON._ . The third Defendant is employed as:
_SuperVisor - CAPTAIN OF ABOVE OFFICERS_ at _CSATF_
(Position and Title)                                    (Institution)

5. Name of fourth Defendant: _Smith_ . The fourth Defendant is employed as:
_CTC· LIEUTENANT-supervisor of officers_   at _CSATF·_
(Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☒ No NOT IN PRISON.
NOT YET PROCESSED

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits: BY EAST DIST COURT.

CITY OF FAIRFIED ETC ET All

   a. First prior lawsuit:
      1. Parties: _DARONTA T· LEWIS_   v. ~~████████~~
      2. Court and case number: _2:19 - CV - 01735 - JAM - DMC_ .
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         ~~████~~ - PENDING - TransFer. and SummonS. TO DOCTOR.

   b. Second prior lawsuit:
      1. Parties: _DARONTA T. LEWIS_   v. _CONTRA COSTA COUNTY ETC All_
      2. Court and case number: _2:19-CV-02626-WBS-DMC-P._
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _Screening pending_

   c. Third prior lawsuit:
      1. Parties: _DARONTA T. LEWIS_   v. ~~████~~ _P-GARCIA ETC All_
      2. Court and case number: _2:20 - CV-00399- DMC_ .
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _Screening pending·_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

03 OF

## D. CAUSE OF ACTION

### CLAIM 1 1

1. State the constitutional or other federal civil right that was violated: PROHIBITION AGAINST "ANY" Cruel and unusual punishment under Eighth Amendment of U.S. Const. I INFORMED OFFICER(S). IM NOT BUCKLED OR STRAPED."IN". FOR SAFETY. TRANSPORT DUTY OFFICERS (RECKLESSLY DISREGARDED DEPENDENT PERSON SAFETY.OR - TO PROVIDE SEAT BELT

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☒ Medical care .
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☒ Excessive force by an officer   ☒ Threat to safety   ☒ Other: ASSAULT & BATTERY · W/ VEHICLE AS WEAPON · 8TH Amend VIOLATION.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. AT. CSATF. CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY. ON 02/28/19. 14:25 Hr (CORRECTIONAL "TRANSPORT" OFFICER(S) Driver NIKKI JOHNSON, and Loader of ADA-wheelchair- Inmate(s). was; J. JIMENEZ.-WHo Drove picked plaintiff up At E-FACILITY workchange- Security Exit - Entrance GATE. J.Jimenez FAIL DUTY To SAFELY STRAP IN wheelchair an SAFETY- BUCKLE BODY OF HANDICAP PATIENT·WHO WEARS NECK BRACE, BACK BRACE, LEFT ARM Sling. AND YELLOW MoBILITY IMPAIRED VEST. PLUS IN WHEELCHAIR DO TO GUNSHOTS. LEFT BODY SIDE DON'T WORK, AND I CAN'T WALK. "MAYBE STAND A Few SECONDS BEFOR FALLING". J.JIMENEZ. SAID "JUST THROW ON YOUR BREAKS". NIKKI JOHNSON FAIL To CORRECT HER PARTNER. DESPITE I TOLD THEM "IM not BUCKLED or STRAPED. Nikki Johnson Drive Reckless, Tip crash me FORWARD HURT MY HEAD, NECK, CHEST, Elbol SHoulDER (LEFT SIDE). AND LEFT WRIST, Back, HIP. KNEE. UPon Arrival AT Correctional Triage- Center. For Physical therapy-Appointment · IS where Injuries OCCurred. OFFICER(S) Admit He Heard Noise IN Back (ONLY AFTER ADA-VAN SToPED) They lied. But Admit to not buckling & Strap me in. Improper FAIL To Summon F.SETC. TAKE ME INTO CTC. J.Jimenez TolD F.SOTo WHAT OCCUrred. DAZED I Mumbled "WASN'T STRAPED IN Got HURT" an told her. She FAIL to Summon her SuperViser or Doctor's Down Hall of CTC. AT 02:45. STILL AVAILABLE, FAIL To physically EXaim me or- Post orders Call docter during Emergency To decide. She deprived me of any care or Treatment recklessly disregarded head, Neck Trauma Exam & Sent me Back To Cell. THAT NITE AT 8:pm 2000HTS. I WAS MAN DOWN. R.N. A.Lopez# 97805 · Documented INJuries Found. HEAD, NECK, CHEST. AND DR ктоr.•R·RN DUTY NOTIFIED, FAIL To ORDER, M.R.I. CT,CATSCAN, dw,Dr. Xoker, Also faild, AS Dr. Axaloke

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). PLAINTIFF INFORMED TRANSPORT OFFICER(S). DUTY To BUCKLE/STRAP DOWN (DEPENDENT) wheelchair Person. To PREVENT Substantial RISK of Physical INjury. Transport- OFFICER(S) CRiminal Reckless Disregard FOR HEALTH & SAFETY. of Dependent person- Whom DUTY OF CARE IS OWED. REFUSED To DISCHARGE DUTY To PROTECT ME, RESULTS INJURY.

5. **Administrative Remedies:** REFUSED To provide seat Buckle AgaINST FORSEEABLE HARM.

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? YES, STATE ACCEPT LIABILITY. (ADMIT GuilT).      ☒ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim I?      ☒ Yes   ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?      ☒ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (SEE EXHAUSTED REMEDIES (ZERO) NO DISPUTE To INJURIES, CDRR ADMITS and CSATF-State Prison Warden, and associate Warden. And CDCR-Director Connie Gipson-ConCurr with second Level-(26)- O5 OF__      - Pages ·15-40.

## CLAIM I[1]

1. State the constitutional or other federal civil right that was violated: 8TH Amendment +
14TH Amendment. EQUAL PROTECTION CLAUSE. Against Being Subjected To ANY-
DANGEROUS CONDITIONS. Public Entity, Employee. Refused To Provide ANY SEATBUCKLE
To Prevent ACCIDENT — INJURY.

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☒ Other: HAZARDOUS, DANGEROUS CONDITIONS
8TH Amendment, 14 Amend VIOLATIONS

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. ON 2-28-2019. ON GROUNDS OF CSATF-STATE PRISON. IN CORCORAN-
CALIFORNIA. I WAS In Wheelchair (Still am) And CSATF Hiring Authority. mr.
Stuart Sherman. Over prison. And ADA-ASSOCIATE WARDEN-S.Smith. Whom
Are Aware of Their Vehicle's For medical transport and CTC-physical-
therapy Transport Vehicle's For Dependent (Disabled) Wheel chair person(s)
Do To Vehicle Pre-Trip Inspections By employees. And reported To on Duty-
Sg+B. Piper, And Lt Smith And CAPTAIN Johnson OF CTC- and its Vehicles.
THUS MONTHLY OR PLANNED MEETINGS. WITH WARDEN X ADA-ASSOCIATE WARDEN,
Are aware of Improper or Broken, or non-Compliant Vehicles not up-
to date on ADA-SAFETY AIDS, AND DEVICES TO PREVENT INJURIES.
THUS A DANGEROUS STATE Vehicle existed and created dangerous-
Conditions. That Still was not avoided or prevented when, notified staff.
The Dangerous Vehicle owned by State and neglected by State on the
State grounds. DID Leave me Injured. Knowing its Vehicle was non-
Safety Compliant. with no safety Buckle (ADA) Aids, or devices To Buckle
down body OF Dependent person. And Fail to Strap down Wheelchair plus
reckless driving By public entity's Employees. Whom admitted guilt. DID
create Dangerous conditions And Injury me. IS A COGNIZABLE CLAIM.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
CSATF-STATE PRISON. Employer's. AND HIGHER UP. AT MEETINGS ARE INFORMED BY
CAPTAINS, LT'S, SGT'S OF INSPECTIONS OF Vehicles. ACCIDENTS, MECHANICAL COSTS
BREAKS DOWNS, NON-COMPLIANCE's, THUS DANGEROUS SITUATION IS ALLOWED TO.
BE CREATED By NOT FIXING NON Compliance YEARS AGO. RESULT I WAS INJURED.

5. Administrative Remedies. PUBLIC ENTITY STAFF DANGEROUS STAFF DRIVING ALSO INJURED ME ON
STATE GROUNDS. AND REFUSAL TO ALLOW ME SAFETY.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your
   institution? YES , STATE ACCEPT LIABILITY (ADMIT GUILT).   ☒ Yes  ☐ No

   b. Did you submit a request for administrative relief on Claim III?   ☒ Yes  ☐ No

   c. Did you appeal your request for relief on Claim III to the highest level?   ☒ Yes  ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
   did not. (SEE EXHAUSTED REMEDIES (ZERO) NO DISPUTE TO INJURIES, CDCR
   ADMITS and CSATF-State prison Warden, and associate Warden, SECRETARY
   OF CDCR AND CDCR-DIRECTOR CONNIE GIPSON - CONCURR WITH SECOND LEVEL- (26)—

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page. —Pages J5-4c

05 OF —

## COUNT IIII

1. State the constitutional or other federal civil right that was violated: **4TH, 8TH, 14TH Amendment Violation(S). Prohibition against cruel & unusual punishment, Illegal Seizure- unlawful order TO BE, Drove unsafely, And Deprived equal right safety.**

2. Count III. Identify the issue involved. Check only one. State additional issues in separate counts.

| | | | |
|---|---|---|---|
| ☐ Basic necessities | ☐ Mail | ☐ Access to the court | ☐ Medical care |
| ☐ Disciplinary proceedings | ☐ Property | ☐ Exercise of religion | ☐ Retaliation |
| ☐ Excessive force by an officer | ☐ Threat to safety | ☒ Other: **8TH Amend violation Illegal seizure unlawful ORDER TO BE DROVE UNSAFELY.** | |

3. Supporting Facts. State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. **AT. CSATF-STATE PRISON. Corcoran CALIFORNIA. ON 2.28.2019. Transport officer(S) identified in CLAIM 1, CLAIM 2, CLAIM 3. AS NiKKi JoHnSon- The DRiver OF ADA-VAN B-33. And her partner whom Improperly loaded me J.Jimenez. And Intentionally Left me without SAFETY Buckle. For BODY to prevent Injury In vehicle, nor strapping down The Wheelchair. He J.Jimenez DiD, put me onTo wheel chair Lift and I See no Seat belts. I Inform him & ms. Johnson. Mr. J.Jimenez IS closing the ADA- LIFT GATE & Door. Tell ME JUST Throw The Breaks on We out. Locking me when I was clearly Argumentative. Argumentative about my Safety. I was "feeling" Held against my will. For being argumentative about my safety. And She Drove Fast & reckless To Throw me Around. And Declined To offer To LET ME OUT AT SEEING my DISTASTE, DISPLEASURE, REJECTION AT THE LACK OF Vehicle SAFETY. AIDS & DEVICES TO SECURE ADA-Wheel- Chair person's. THIS ATTITUDE BY ME I "FEEL" AND BELEIVE CAUSED ME TO BE SHUT IN, IGNORED AND DROVE OFF RECKLESSLY TO BE INJURED AND SHUT UP ABOUT SAFETY. THIS WAS UNlAWFUL. SEIZING OF A PERSON WHOM DEMONSTRATED REJECTION & DECLINE TO BE TRANSPORTED UNSAFELY.**

4. Injury. State how you were injured by the actions or inactions of the Defendant(s). **OFFICER(S). FAILED/REFUSED willifully TO Allow PlAINTIFF ROOM TO EXIT VEHICLE WITH Their REMOTE CONTROL ASSISTANCE. AND DO TO I WAS ARGUMENTATIVE About THE LACK OF ADA-SAFETY BELTS. I WAS TOLD JUST Throw on your BreakS We out!" by J.Jimenez & Locked In. Against my will. THAT WAS UNlAWFUL.**

5. Administrative Remedies.

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? **YES, STATE ACCEPTS LIABILITY (ADMIT GUILT)**.   ☒ Yes   ☐ No

   b. Did you submit a request for administrative relief on Count III?   ☒ Yes   ☐ No

   c. Did you appeal your request for relief on Count III to the highest level?   ☒ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not **(SEE EXHAUSTED REMEDIES (ZERO) NO DISPUTE TO INJURIES, CDCR ADMITS and CSATF-STATE PRISON WARDEN, and ASSOCIATE Warden AND SECRETARY, CDCR-DIRECTOR CONNIE GIPSON & SECRETARY CONCURR WITH 2ND LEVEL-**

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page. **(26) pages (15-40.**

**6 OF ___**

CLAIM(S)
## CLAIM IIIII

1. State the constitutional or other federal civil right that was violated: ADA· U.S.C. § 12101, et seq. Section 504 Violation(S) of Rehabilitation Act, (29 U.S. C.§794, et seq.) CAL Gov Code Section 11135; et seq, The Unruh Civil Rights Act (Cal.Civil Code§51, et Seq.) TITLE II -3.5200.

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims. REFUSE TO EQUIP VEHICLE WITH SAFETY BUCKLES.

- ☐ Basic necessities
- ☐ Mail
- ☐ Access to the court
- ☐ Medical care
- ☐ Disciplinary proceedings
- ☐ Property
- ☐ Exercise of religion
- ☐ Retaliation
- ☐ Excessive force by an officer
- ☐ Threat to safety
- ☒ Other: ADA-TITLE II-3.5200. SAFETY.

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. All public entities may Impose legitimate safety requirements necessary for the safe operation(S) OF ITS (SERVICES) (Transportation) programs or activities. However, The public entity Must ensure that its "Safety is Requirements BASED ON REAL RISK. TITLE II-3-5200. SAFETY. TITLE IS. CALifornia code of regulation's .§3270. §3271. SAFETY AND SECURITY. PRISON OFFICIALS Number one FOR public and Inmates 'SAFETY. PLAINTIFF. ON 02/28/2019. HAD Physical Therapy with MS. Estre. On CSATF CALIFORNIA SubStance Abuse Treatment Facility. Corcoran, CALIFORNIA. ON PREMISES (ON Grounds)· I was picked up on E-Facility. AT WORK Change Security check point. In wheelchair. Bright Lime Yellow MOBILITY ImPAIRED VEST· Neck BRACE, Arm Sling Left, BACK brace. Times or about 14:22 Hrs. (NOON). ADA-VAN B-33. STATE PROPERTY. Driven By. CSATF-Transport DUTY ASSIGN'D OFFICER. NIKKI Johnson. BADGE#23955.(Driver), LOADER of Wheelchair persons is- OFFICER MR. J. Jimenez BADGE#14430. Mr. Jimenez, STATES "Come on", He puts me on ADA-VAN LIFT. SAY, "wheel in". (I'm 1 handed only right hand works) He say "Throw your BreaKs on" we out". SEE CSATF-CTC. correctional Triage center. Sergeant Piper's Report ~~XXXXX~~. The Transport, officer Jimenez reports "Lewis" pointed out ADA-VAN HAS NO SAFETY BUCKLE FOR Him. BUT OFFICER'S GOT SAFETY Buckles. PLAINTIFF WAS Told-Ordered Just Throw- yo BreaKs we out, Improperly loaded-Intentionally, recklessly-DISREGARDING

4. Injury. State how you were injured by the actions or inactions of the Defendant(s). Public entities. Per, TITLE II -8.2000.& updated ADA-Regulations are ordered TO DO SELF-EVALUATIONS, INSPECTIONS & Comply with RequirementS OF SAFETY, & Injury Prevention Measures IN Services OF DANGEROUS Transportation-During operation. THE STATE "public entity" FAILED TO IMPLEMENT (SEAT BELT, FOR ADA-VAN-) AND FAIL-TO REASONABLY

5. Administrative Remedies. ACCOMODATE ME WHEN I INFORMED THEM OF THIS DEPRIVATION.

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? YES. STATE ACCEPT LIBILITY (ADMITS GuilT)    ☒ Yes  ☐ No

    b. Did you submit a request for administrative relief on Claim II?    ☒ Yes  ☐ No

    c. Did you appeal your request for relief on Claim II to the highest level?    ☒ Yes  ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (SEE EXHAUSTED REMEDIES (ZERO) NO DISPUTE TO INJURIES, CDCR ADMITS and CSATF-WARDEN, an ASSOCIATE WARDEN, SECRETARY OF CDCR-, DIRECTOR All CONCURR WITH 2ND LEVEL. (INJURIES)- DID OCCURR.  — (26 pgs.
                                                                                     (15-40.)
    07 OF —                                                           EXHAUSTED REMEDIES

"CONTINUED" CLAIM(S)
CLAIM IIIII

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim II.** Identify the issue involved. Check only one. State additional issues in separate claims.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. CONTINUED; IMPROPERLY lOADED - Intentionally/recklessly-Disregarding For Seeable HARM, Substantial RISK OF HARM & INJURY TO HEALTH AND SAFETY. Transport OFFICER NIKKI JOHNSON. FAILED TO PERFORM Assign'd Transport Safety Duty FOR Dependent person(s). And Did not Contact CTC-Transport Sergeant to enforce Her partner J. Jimenez To Provide proper-Compliant VAN- OR-TO order J. Jimenez-To Provide method of Injury prevention Safety Strap alternative(s)-To Secure Dependent person. NiKKi JohnSon's Failure TO ACT TO Intervene For Safety SAKE. IS DELIBERATE INDIFFERENCE. AND CRUEl AND UNUSUAL PUNISHMENT TO DISCRIMINATE AGAINST PERSON WITH DISABILITY AND BECAUSE OF DISABILITY ExClude me From ADA- SAFETY Transport-Seat Buckle equipped Van. And Intentionally Disregard my Warning-notice of Seat Buckle Absence. ADA- NON- Compliant, VAN- NOT- up TO Compliant code in regulation. (The OFFICER'S) was eager to Clock out OF WORK AT 14:30- 14:45. AFTERNOON. NiKKi Drove The Van recklessly. And plaintiff with Disabled left leg, CANT WALK, Left arm-Don't work. Dependent OF custody For SAFETY. I could NOT PROTECT SELF Against Vehicle assault OF RecKless-Fast rough ride with no wheel Chair Straps, No Seat buckle BODY Safety. I was thrown around and Head First Like a RAM INTO METAL GRILL GATE AND LEFT SIDE OF BODY-INJURED.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

O 8 OF—

"CONTINUED" CLAIM ⑤

CLAIM II III

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities      ☐ Mail         ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. CONTINUED: SEE ~~WITNESS STMT~~. ~~THE~~ OFFICERS REPORT. Assigna Transport OFFICER J. Jimez Badge # 14430. page (2). SAID. I HEARD NOISE IN THE BACK. WE "I" Looked Lewis WAS ON ADA-VAN FLOOR. EXHIBIT(A) PAGE (3) Nikki Johnson. SAID EXACT SAME STATEMENT. PAGE (4) OF EXHIBIT(A) SGT. B. PIPER. NOTIFIED. CSATF- CAPTAIN OVER CTC. AND HIS Lieutenant- Smith of CTC. INITIALLY INITIALLY. B. Piper Statement was. Lewis Lied. Fake Accident. The CSATF-ADA-Coordinator S. Smith. On 3/6/2019. On 1824 REASONABLE ACCOMODATION PANEL FORM. EXHIBIT (B). 4 pgs. ADA-Coordinator Associate Warden. Agreed. Then. With SGT. B. Piper. NOW BACK TO INCIDENT ON 2/28/2019. upon The VAN STOPPING AT CTC. Parking lot door-to-entrance. Both officers got out OF VAN And I was (knocked out) and or disorientated, dazed, confused. OFFICER J. Jimenez kept calling my name. Nikki Johnson Did not press SAFETY Alarm, Nikki Johnson— Did not radio or call medical at door TO bring Stretcher out OF CTC-Hospital. J. Jimenez. Injured me more He picked me up. Hollering & Screaming "Out h. Aaah". Dazed, Confused-in-Pain. Violated policy procedures OF SAFETY TO Press Alarm. During Medical Emergency "~~accident~~", "Intentionally done NON-Accident, DO TO FORSEEABLE-HARM! OFFICERS Knew OF RISK OF Injury In Vehicle TO Dependent persons. Who CANT DEFEND SELF. AGAINST RECKLESS Driving with no Seat Buckle.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II?                    ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?          ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

"CONTINUED" CLAIM(S)

## CLAIM II III

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim III.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. CONTINUED; AFTER PlaintIFF Lump'd up Into wheelchair IN claim - II, The CTC- Registered Nurse. R.N. F. Soto. Declined All and Any medical Attention or Consult with SRN·II or SRN·III. Supervisor Registered- Nurses or Doctors. Despite OFFICER J. Jimenez. WAS Right-their DID NOT Dispute "WAS Tipped out Wheelchair (Crashed) was not Buckled or Strap'd in". EXHIBIT (SEE) Appeal EXHAUSTED REMEDIES. OF MEDICAL. INJURY Report Attached. PlaintIF Discharged From MEDICAL No medical Attention. Collapsed later by 21:20 HRS. (8:20pm). CTC Emergency R·N (A. lopez) did log Injuries. Same EXHIBIT ) SEE EXHAUSTED REMEDIES. Attached.

PlaintIFF'S INJURIES OCCURED DO TO ADA-VAN DISCRIMINATED AGAINST SAFE TRANSPORT SERVICE FOR WheelChair person's. Deprived Equal- treatment, Safety device, aids Similar to every person For Safety transportation vehicles. Because of This DISCRIMINATION BY CSATF- STATE PRISON. Policymakers, Superiors, and Employers SAFETY compliance. aids devices. To protect dependent wheelchair persons was NEGLECTED result OF Employers Decision, policy, practice, custom, operation to Exclude Dependent persons In wheelchairs form SAFETY Transport AIDS & DEVICES.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

(11) OF —

∨   / ∕

CONTINUED;                          **CLAIM**  **5**

1. State the constitutional or other federal civil right that was violated: _____

2. **Claim III.** Identify the issue involved.  Check **only one**.  State additional issues in separate claims.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☑ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion          ☐ Retaliation

☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments. CONTINUED: THE Appeal SATF E-19-01717. WAS. Processed all the way up To Chief level. (J) SPAICH and J. KNIGHT. ON BEHALF OF DIRECTORS LEVEL REVIEW CONNIE GIPSON. AND THE SECRETARY OF CORRECTIONS RALPH DIAZ. BUT. The prison law OFFICE on BEHALF OF PLAINTIFF. BACK ON MAY 10 2019 HAD CONTACTED CDCR Legal AFFAIRS ATTORNEY R. BOYD. CDCR. WAS MADE AWARE STATE WAS, HAD, AND IS VIOLATING ADA-LAWS. WITH DISCRIMINATORY PRACTICE, CUSTOM, PROCEDURE, policy. NOT To PROVIDE EQUAL SAFETY AIDS, and DEVICES TO Dependent wheelChair person(s). IN ADA-STATE VAN'S. (Despite. WARNING AND NOTICE BY PLAINTIFF- PRIOR TO BEING LOCKED IN-AND-Denied EXIT, option.) The State Head OFFICIALS IN SacramenTo. KNEW. MAY 10 2019. DOCUMENT ATTACHED WITH Appeal. MAY 31 2019. ASSOCIATE WARDEN S. SMITH & Legal Affairs Attorney. R. Boyd. OF CDCR Stated. OFFICER(S) DID Training. BUT THE VEHICLE WAS NOT ORDERED To BE REGULATED up To DATE To Comply WITH SAFE TRANSPORT LAWS, while service is being provided. THUS IS DISCRIMINATORY. TO Denie safety Buckles PLAINTIFFE & Deprive Safety. BUT TransporT-OFFICer's NIKKI Johnson &. Jimenez HAVE SAFETY PROTECTION AGAINST ACCIDENTS. SCSATF KNEW, STATE KNEW AND DID NOT FIX. DEPRIVATION OF-

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). SAFETY. OR DID NOT —
— RESPOND REASONABLY.
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                     ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?          ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?   ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

12 OF ___

**E. REQUEST FOR RELIEF** UNDER ADA & §504. SUIT -
PUBLIC ENTITIES WAIVE "11TH Amend. Immunity, WHEN ACCEPT DOJ-FUNDING's .....

State the relief you are seeking:

DECLARTORY INJUNCTIVE RELIEF - AGAINST STATE OF CALIFORNIA, GOVERNOR GAVIN NEWSON. CDCR, SECRETARY OF CDCR - RALPH DIAZ, CDCR - DIRECTOR CONNIE GIPSON, WARDEN STUART SHERMAN, ADA - ASSOCIATE WARDEN S-SMITH, OFFICER NIKKI JOHNSON, OFFICER J-JIMENEZ, CAPTAIN JOHNSON, LIEUTENANT SMITH, SERGANT B-PIPER. TO STOP ADA-VAN TRANSPORTATION(S) WITHOUT SAFETY SEATBELTS FOR (DEPENDENT) WHEELCHAIR PERSON. TO NON-OPERATE UNSAFE ADA-VAN WITHOUT-BODY SEAT BELTS - FOR wheelchair persons SAME AS FRONT SEAT TRANSPORT OFFICERS, TO UPDATE INSUFFICIENT AUTOMOBILE ADA-SAFETY BUCKLE RESTRAINTS, TO UPDATE ADA-VANS WITH REAR-CAGED COMPARTMENTS WITH EQUIPMENT TO SUPERVISOR-MEDICAL WHEELCHAIR PERSONS. IN ADA-VANS, TO EVALUATE & INSPECT PRIOR TO USE ⟶

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/25/2020__
　　　　　　　　 DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

13 OF

REQUEST FOR RELIEF

CONTINUED: DECLARATORY INJUNCTIVE RELIEF.

TO REPORT ALL IMPROPER FOR NON COMPLIANT SAFETY AIDS
OR DEVICES AND INSPECTIONS OMITTED BY CO-WORKERS.
TO ORDER CSATF-STATE PRISON. OPERATOR(S) WARDEN,
AND HIS SUPERIORS SECRETARY, AND DIRECTOR TO STOP-
HOUSING PLAINTIFF MR. LEWIS. OVER AND OVER AGAIN
WITHOUT FIRST FIXING DISCRIMINATORY ADA-VAN'S.
DO TO CSATF-HOLDS MENTAL HEALTH CCCMS-INMATES
IN THEIR ADMINISTRATIVE SEGREGATION RESTRICTED
HOUSING UNIT. AND E.O.P.
PLAINTIFF IS ABLE TO CONTINUOUSLY GO BACK TO CSATF
UNLESS DECLARATORY INJUNCTIVE RELIEF IMPLEMENTED.
INDIVIDUAL CAPACITY LAW SUIT DEMANDS FOR COMPENSATION.
~~[struck through]~~ : DEFENDANT; STATE OF CALIFORNIA. ADA-VIOLATIONS/
INJURYS- DAMAGES 90 MILLION U.S DOLLARS. (PUBLIC ENTITY LIABILITY)
; DEFENDANT; STATE OF CALIFORNIA (PUBLIC ENTITY) CDCR : ADA-VIOLATIONS/INJURYS-
DEPRIVATIONS OF SAFETY. DANGEROUS CONDITIONS-
CRUEL AND UNUSUAL. DAMAGES: 50 MILLION U.S DOLLARS.

DEFENDANT: CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY.
(PUBLIC ENTITY.) ADA-VIOLATIONS/INJURIES, DELIBERATE-
INDIFFERENCE-TO SAFETY, DANGEROUS CONDITIONS, CRUEL-
AND UNUSUAL. DAMAGES: 50 MILLION U.S. DOLLARS.

DEFENDANT: NIKKI JOHNSON. DELIBERATE INDIFFERENCE (FAIL)
REFUSED TO PREVENT INJURY, AND DEPRIVATION OF SAFETY.
CULPABLE STATE OF MIND - WARNED NOTIFIED OF HARM WITHOUT
SEAT BUCKLE. CRUEL AND UNUSUAL PUNISHMENT. DAMAGES:
50. MILLION U.S. DOLLARS.

DEFENDANT: J. JIMENEZ: CRUEL AND UNUSUAL PUNISHMENT. SUBJECTED ME
TO HARM, INJURY DAMAGES: 75 MILLION U.S. DOLLARS.

DEFENDANT(S) PAY PUNITIVE DAMAGES $115. MILLION U.S. DOLLARS. PER; JURY DECISION.

14 OF ___

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P. O. BOX 942883
SACRAMENTO, CA 94283-0001



# OFFICE OF APPEALS (THIRD LEVEL) DECISION

Date:     MAR 0 9 2020

In re: Lewis, Daronta, BH5097          TLR Case No.: 1909392       Local Log No.: SATF-19-01717
         CHCF

## I.     ISSUE ON APPEAL:

It is the appellant's position that Correctional Officers (CO) Johnson and Jimenez improperly loaded him on the American Disability Act Van, failed to strap restraints on his wheelchair and drove recklessly from Facility E to the Correctional Treatment Center. The appellant alleges as a result, he allegedly fell out of his wheelchair and incurred injuries.

## II. RULES AND REFERENCES:

### A.   CONTROLLING AUTHORITY:

- California Penal Code, sections: 832.7, 832.8
- California Code of Regulations (CCR) Title 15, sections: 3004, 3005, 3391

### B.   DOCUMENTS CONSIDERED:

- CDCR 602 Appeal Form Log Number SATF-19-01717
- Confidential Inquiry Part "C" dated November 14, 2019, authored by Correctional Lieutenant M. Lopez
- SATF Grievance Response dated November 14, 2019.

## II.    REASONING AND DECISION: DENIED

Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with Departmental policy, and the appellant's staff complaint allegations were properly addressed.

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that the appeal at the Third Level of Review is **DENIED.** This decision exhausts the administrative remedies available to the appellant within CDCR.

15 OF_____
EXHAUSTION OF REMEDIES

Inmate LEWIS
Case Number 1909392

## IV. REMEDY

The appellant's appeal has been denied.  Therefore, there is no applicable remedy.


J. KNIGHT, Appeals Examiner
Office of Appeals
cc:  Warden
      Grievance Coordinator


16 OF ____

EXHAUSTION OF REMEDIES

*TH COPY BY HAND.*
*SUBMITTED. SINCE*
*ASSAULTIVE ACCIDENT.]*

*[T-cross vehicular ASSAULT IN JURIES*
*DELIBERATE FAILURE TO*
*BUCKLE/STRAP Wheelchair MAN*
*CAUSING ASSAULTIVE INJURIES.*
*EMERGENCY APPEAL.*

*BACK $ FRONT*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1909392

BH5097

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | 3att-8-19-1717 | | 1 |

FOR STAFF USE ONLY

You may appeal any ~~California~~ nd Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Lewis, Darenta | BH5097 | E.2.142 (ADA) | A.I.A. Education. |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): PEACE OFFICErS ViolaTed

CALiF. Buckle $ STraP MANDATORY/LAW. IN ADA-VAN. leavin WheelchairMAN inJured

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): 02/28/19. 1425 Hrs
CTC- 2ND WATCH TransPorT EMPLoYees MS. Johnson, Mr. J. Jimenez oF CSATF
- under CTC-FACILiTY CAPT. LT. Smith, SGT. B. Piper, Shift SuPervision, Driver
MS. Johnson oF ADA-VAN. B33. Lic#1275557. (See oFFicer AccidenT ReporT) →

MAR 12 2019
L I N
REC BY OOA
AC

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I am entitled to
redress medical records in receipt oF, F. Soto cdcr 7219. She is witness
to J. Jimenez statement "He wasnT StraP'd in". #1. For Serious medical
Emergency Condition BY LAW AFTER ACCidenT HosPiTAL Full EXAM → →

AUG - 5 2019
reason For delay
noTed in SecT.F

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 126-G, Classification Chrono):

CSATF APPEALS
OCT 29 2019
REC BY OOA

☒ No, I have not attached any supporting documents. Reason: CoPy OF cdcr 7219. medical
report in medicalc-file Visible For InvestigaTive oFFicer.
Peace oFFicer. TransPorT AccidenT duty ReporT BY J. Jimenez
Filed To ON SHifT CAPT commander, LT Smith, SGT. B. Piper Supervisors.

DEC 10 2019

| Inmate/Parolee Signature: *Darenta K. Lewis* | Date Submitted: 03/2/19 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview. [YES] ✓

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.

Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: ___ (Print Name) Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ (Print Name) Title: ___ Signature: ___

Date received by AC: ___

BYPASS

- BACK & FRONT -

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant ___ / ___ / ___ | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (REV. 03/12)

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):**

Inmate/Parolee Signature: ______ Date Submitted: ______

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** - To correct neglient performance No Corrective Action To Treat Victim of Injuries Was Attempted - Adverse Action Im Still in pain Suffering, Wrist Still need M.R.I. NECK STILL NEED CAT SCAN. Shoulder Still need CATScan. Elbow. And again wrist and - Hand. Back, Hip an Knee. NO SPECIFIC ATTEMPT IN THIS INCIDENT HAS BEEN MADE TO CORRECT VICTIM INJURIES. DESPITE WAY BACK on June 3rd CDCR Declared & accepted liability. #3. Simultaneously. ON June 11th 2019. CSATF INVESTIGATOR OF SATF-E-19-1717. LT. M. Lopez. STATED. CSATF - DID NOT Violate policy. CONTRADICTING. CDCR - INVESTIGATION. Then 5 MONTHS LATER. Chief(A) J. Spaich - order CSATF Do A Amended response. And CSATF. Warden S. Sherman - Sign's OFF ON Accepting liability. Against Transport officer(s) NIKKI Johnson, ~~BADGE #23955. And J. Jimenez #14430 or 14425. ON STATE PREMISES. BUT THE~~ VICTIM. IS STILL NOT SPECIFICLY TREATED - FOR INJURIES - CDCR And CSATF Accept The - Liability For - Again No Justice - Served. No wrongs has been righted. #4. I DEMAND CDCR - AND - CSATF. SEND SPECIFIC Order To CHCF. FOR M.R.I. & CT CATScan. NECK, Back, Shoulder, Wrist, HAND. #5. I DEMAND CDCR & CSATF. NOTIFY INSURANCE - CARRIER FOR CONFERRENCE SETTLEMENT - compensation. #6. THAT These OFFicer's PAY DAMAGES, - AND ARE TERMINATED.

Inmate/Parolee Signature: Dallas [signature] Date Submitted: DEC/08/2019

BACK $FRONT

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| *1909392* | Satf-E-19-1717 | | |
| | | FOR STAFF USE ONLY | |

~~Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.~~

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Lewis. Daronta | BH5097 | E.2.142-(ADA) | A.I.A. Education |

A. Continuation of CDCR 602, Section A only (Explain your issue): &J.Jimenez loader of prisoners

1.Improperly loaded ADA-HANDICAP WHEELCHAIR inmate.

2.LEFT DANGEROUSLY Close To HAZARDOUS Wheelchair LIFT. Special need ADA-Vehicle Van No CAMERA, No Supervision.

3.Told Throw ON Ya Breaks of wheelchair we out." (She drive off reckless)

4.LEFT withouT wheelchair strap-restraints. Jimenez Fail Duty.

5/6 FT withouT wheelchair Safety buckle up. Jimenez Fail Duty.

6.Peace Officer Johnson Fail/refused duty To Enforce Partner or radio into Supervisor's duty To Enforce Jimenez To Safety Buckle/STrap Wheelchair Man in. FT All. Under STATE Of CALIFORNIA TransporT AND SAFETY. LAWS. AND STATUTES. IT'S MANDATORY COMPLIANCE BY. PEACE OFFICERS. AS CITIZENS TO Comply WITH Required Vehicle Buckle/Strap 1ST. No Exceptions. J.Jimenez Admitted as a Sworn Peace Officer ON DuTy. 02/28/19. 1425 hrs. To R.N.- F.SoTo Badge #11611. IT'S NoT(Lewis) His FaulT, THAT HE(Lewis) Did not GET Strapped in, From E.FACILITY To CTC for Therapy (CANCELED DoTo Injuries). See Medical e-file.cdcr 7219. 7.Gross Vehicular Assault-Injuries Caused By NoSAFETY Buckle/Strap Reckless Driving. 8. OFFicers Fail To Summon Medical/STretcher Negligent Picked up Crash'd out Victim, Fail'd Trainin, Supervision BY cdcr Director, CSATF, LT. Smith, Sgt B. Piper.

Inmate/Parolee Signature: *Daronta T. Lewis*            Date Submitted: 03/2/19.

B. Continuation of CDCR 602, Section B only (Action requested): Including Head Trauma, Con cussion CAT SCAN, EXAM BY NUEROLOGIST.(2) M.R.I OF NECK- Im Suffering "CErVical radiculopathy"= Major Whiplash Injury, Cervical Sponylosis with nerve or Spinal cord compression. (3.). Shoulder-Calavical bone, rotator cup x-ray-Also Ordered by cder. CSATF Superiors, Elbow x-ray, [WrisT HAND FINGERS M.R.I-SPECIFICLY]. (4.) LEFT SIDE Also, Hip x-ray, and Knee.(5.) DO To Employee's Intentionally left Buckles & Straps off, The Joint officers in official & individual capacity are liable under Proffesional MIS conduct, Negligent conduct, NeglecT Of special needs SAFETY, Abuse of Deliberately endangering life, limb, safety of Special need ADA inmate. WHO Request, RE-Training of TransporT SAFETY course For officers. BY Director of Correction & The Secretary of cder, CSATF WARDEN (6.) GARNISH-DOCK PAY-FINE, OFFICERS PAY CHECK. (7.) ReTrain Course in Accident Summon Medical procedure (8) Results of injury Damages. 80.Million

Inmate/Parolee Signature: *Daronta T. Lewis*            Date Submitted: 03/02/19

REC BY OOA   AUG -5 2019

REC BY OOA   DEC 10 2019

STAFF ONLY

- BACK & FRONT - 19 OF

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name) Title: _____ Signature: _____

Date received by AC: _____

Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

**F. If you are dissatisfied with the Second Level response**, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior responses. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

DISSATISFIED WITH AMENDED RESPoNsE From, 'CSATF. A, II WAS DISCOVERED ON June 03rd, 2019, In ADVOCACY LETTER From CDCR-INVESTIGATION of My Report of ADA-Van Injury 02.28.19, THAT TRANSPoRTATIoN DID FAIL TO STRAP BUCKLE ME In-W WheelCHAIR. Resulting In KNOWN INJURY. Admitted-of Officers FAIL DUTY, On Premises During Job Assignment. HoweVER #2. ONLY, RETRAINING AT SATF WAS DONE, Completed 5-31-19.

Inmate/Parolee Signature: _____   Date Submitted: DEC/08/2019

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached Third Level response.

Date mailed/delivered to appellant __/__/__
Third Level Use Only

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason: (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

ICR, IRL-INSTRUCTIONS — SATF-19-17
TLR-INSTRUCTIONS

BACK & FRONT

AMENDED RESPONSE
2ND LEVEL. DISAgreement By Appellant.

**STATE OF CALIFORNIA**
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY |
| --- |

Institution/Parole Region: _____ Log #: _____ Category:

Amended & SATF-19-1717

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084. ~~You must send the appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar~~ days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
| --- | --- | --- | --- |
| Mr. Lewis Daronta | BH5097 | C2B·114 ADA | D1 |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): _____

_____

_____

_____

B. Action requested (If you need more space, use Section B of the CDCR 602-A): _____

_____

_____

_____

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Chief (A) J.Spaich TLR#
1909392-Instruction(s) To Appellant. FoR Appeal-SATF-E-19-1717.

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: _Daul Willa T. Lun_ Date Submitted: **03/2/2019.**

☐ By placing my initials in this box, I waive my right to receive an interview. YES

DEC 10 2019

**C. First Level - Staff Use Only**
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name) Title: _____ Signature: _____

Date received by AC: _____

— BACK & FRONT —

| AC Use Only |
| --- |
| Date mailed/delivered to appellant ___ / ___ / ___ |

31 OF ___

2.20F

RE PRINTED SAME EVV

...ING BACK TO 5G7 PRIVILEGE

Inmate/Parole Signature: [signature]   Date Submitted: 7/29/19

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** I hereby disagree with
this response. Its Inadequate lack investigative statements
Jacks Cooberating investigation with CDCR-investigation into incident
initiated by prison law office with CDCR- on Transport injury
which #1. Did Violate policy. CDCR And C-File And medical file
AT CSP-LAC Have it OFFICERS Did Fail/Refuse Duty to Buckle
Patient Resulting in Injury.
#2. CDCR. Did ORDER CSATT To Conduct Safety & Security
Re Training On Transportation of Handicap Wheelchair Inmates
#3. CSATT Did Comply And Submit To Prison law offices
THRU. CDCR THAT THAT Training Completed. on or About May 1-18.2019
#4 Appellant Did Receive internal And external injuries Reported
To CTC- R.N. F.solo who Fail Duties To Properly Treat And
ASSESS injuries. Medical Evaluation was Improper I Said it
HC- Appeal AGAINST F.solo pending since 5/20/19. up AT 3RA level
#1 I Still Demand Same Afore Said Demands IN Action Requested-ED. CDCR- Has
Accepted No Blame. But Complys with Safety Terminal Transport order. But leave me Hurt
No-Mr. R.15. on Wrist Hands, Neck, Hip Head. I Demand Justice. Compensation.

Inmate/Parole Signature: [signature]   Date Submitted: 7/29/19

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):**

STATE OF CALIFORNIA
INMATE/PAROLE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)
DEPARTMENT OF CORRECTIONS AND REHABILITATION

BACK & FRONT

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

Amended

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Lewis, Daronta | BH5097 | C2B-114 (ADA) | D1 |

A. Continuation of CDCR 602, Section A only (Explain your issue) :_____

Inmate/Parolee Signature: _Daronta Lewis_        Date Submitted: 03/2/19

FOR STAFF USE ONLY

REC BY OOA

DEC 10 2019

B. Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _Daronta Lewis_        Date Submitted: 03/02/2019

— BACK & FRONT —                    23 OF —

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

**Inmate/Parolee Signature:** ______ **Date Submitted:** ______

**E. Second Level - Staff Use Only** — **Staff – Check One: Is CDCR 602-A Attached?** ☒ Yes ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: Appeals Title: Adm. Lt. Date Assigned: 4/5/19 Date Due: 5/17/19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 5/14/2019 Interview Location: STRH Holding Cell

Your appeal issue is: ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: ______

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: Strome (Print Name) Title: Lieutenant Signature: ______ Date completed: 11/14/19

Reviewer: ______ (Print Name) Title: ______ Signature: ______

Date received by AC: CSATF APPEALS JUN 13 2019 NOV 20 2019 CSATF APPEALS

**AC Use Only**
**Date mailed/delivered to appellant** JUN 13 2019 CSATF APPEALS

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A. CTC. CRISIS BED 136,

7/29/19 TODAY SGT. RUDIEDGE. OF RJD. Correctional Facility. Delivered. This Appeal 7/29/19. MONDAY. THIRD WATCH. HE SAID. RJD. Appeal office SAID GIVE IT TO ME. I HAVE BEEN TO LANCASTER AFTER WASCO. IT SHOULD HAVE Immediately. GOT Their Again CDCR - PRISONS APPEALS OFFICES Are To Blame. FAILURE To PERFORM DUTIES Properly AND By Time Requirements. NOT Appellant. I HEREBY DISAgree with This →

**Inmate/Parolee Signature:** [signature] **Date Submitted:** 7/29/19

**G. Third Level - Staff Use Only**

AC

This appeal has been:

☒ Rejected (See attached letter for instruction) Date: 10.28.19 Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: ______
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: ______

See attached Third Level response.

**Third Level Use Only**
**Date mailed/delivered to appellant** MAR 11 2020

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

______ Inmate/Parolee Signature: ______ Date: ______

Print Staff Name: ______ Title: ______ Signature: ______ Date: ______

Template Date 4/4/2012
State of California

Attachment E-2
Department of Corrections and Rehabilitation

# Memorandum

**AMENDED RESPONSE**

Date: November 14, 2019

To: Lewis, BH5097
~~C-302B1-114L~~
P. O. Box 32200
Stockton, Ca. 95213

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SATF-E-19-1717  SECOND LEVEL RESPONSE**

**APPEAL ISSUE:** You allege Officers Johnson and Jimenez improperly loaded you on the American Disability Act Van, failed to strap restraints on your wheelchair and drove recklessly from Facility E to the Correctional Treatment Center. As a result, you allegedly fell out of your wheelchair and incurred injuries.

**DETERMINATION OF ISSUE:** Your allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of that review your appeal was referred for Appeal Inquiry.

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on May 19, 2019, at approximately 1012 hours, by Lieutenant M. Lopez in the Short Term Restrictive Housing Corridor holding cell. He advised you that he would be conducting this appeal inquiry and asked you if you had any additional statements or documents to submit with your appeal. You stated, **"I was not buckled in correctly and no restraints were placed on my wheelchair. I was told to put on my brakes. Johnson was driving and Jimenez didn't secure my chair."** You were asked, **"Did you receive any injuries?"** You stated, **"Yeah."** You were asked if you were medically evaluated after the alleged incident. You stated, **"No, I was not."** You were asked if there were any witnesses to your allegation and you replied, **"Officers Johnson and Jimenez".** You were asked if you had any other names as witnesses and you stated, **"No."**

Effective Communication was established by using clear simple English. You responded to all questions asked by reiterating in your own words what was said and asked.

> An **Appeal Inquiry** has been conducted and reviewed by the Hiring Authority. The following individuals were interviewed: Sergeant B. Piper, Lieutenant M. Smith, Correctional Officers N. Johnson and J. Jimenez. As a result of your staff misconduct allegation the following information was reviewed: APPEAL LOG # SATF-E-19-1717, Strategic Offender Management Systems (SOMS), memorandum dated March 1, 2019, authored by Sergeant B. Piper, memorandum dated February 28, 2019, authored by Correctional Officer N. Johnson and memorandum dated February 28, 2019, authored by Correctional Officer N. Johnson and Medical Report of Injury or Unusual Occurrence complete on inmate Lewis, BH5097 dated February 28, 2019. Staff did violate CDCR policy with respect to at least one of the issues raised.

25 OF

Template Date 4/4/2012
Lewis, BH5097
Appeal Log Number: SATF-E-19-1717

Attachment E-2

Page 2

**FINDINGS:**

Your appeal is **PARTIALLY GRANTED** in that: Your appeal has been processed as an Appeal Inquiry.

---

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

Name S. Strown          Signature _____          11/14/19
        Interviewer                                              Date

Name S. Sherman        Signature _____          11/18/15
    Hiring Authority                                            Date

CSATF APPEALS
NOV 20 2019

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | | DATE |
|---|---|---|---|
| CSATF | TTA | | 2/28/19 |

REASON FOR REPORT  ☐ ALLEGATION   ☐ ON THE JOB INJURY   ☐ USE OF FORCE  ☒ INJURY    ☐ OTM RETURNS
☒ UNUSUAL OCCURRENCE   ☐ PRE AD/SEG ADMISSION   ☐ R&R    ☐ OTHER _____

| NAME        LAST          FIRST | | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| LEWIS, Daronta | | BH5097 | n/a | n/a |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| | 2/28/19 | 2000 | 2200 | A. Lopez RN 2200 | Dr. Anakebe 2011 |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" My head, neck and chest hurts "

| INJURIES FOUND?  YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | (11) |
| Abrasion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

Chemical Agent
Exposure?        YES / (NO)

Chem. Agent
Exposure Area        EX

Decontaminated w/ Water?
YES / (NO) REFUSED

Decontaminated w/ Air?
YES (NO) REFUSED

Self-decontamination
instructions given ?    YES / (NO)

Staff issued
exposure packet ?    YES /(NO)

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| AL | n/a |
| 3rd Check | Final |
| n/a | n/a |

TIME/DISPOSITION
2120 RTC



| REPORT COMPLETED BY (TITLE (PRINT) AND SIGN) | PERNR / INST. ID # | BDG # | ASSIGNMENT AREA |
|---|---|---|---|
| A. Lopez  RN | 97908 | 721/617 | TTA |

EXHIBIT B 5.55                                          71

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**

EXHIBIT (B) Page 1 OF 1.

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| SATE | | INJURY / USE OF FORCE / UNUSUAL OCCURRENCE | | PRE ADSEG ADMISSION | 7 |

| THIS SECTION FOR INMATE ONLY | NAME    LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| | | | | 1·109 | |

| THIS SECTION FOR STAFF ONLY | NAME    LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDO |
|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME    LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| | 7-22-19  0142 0  Building  Jimenez | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | | AGE | RACE | SEX |
|---|---|---|---|---|---|---|---|
| | 1415 | T. Jimenez | LITTER · WHEELCHAIR / AMBULATORY / ON SITE | | 30 | AA | |

BRIEF STATEMENT BY SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I got tipped over when the c/o turned the corner"
"I wasn't tipped in"

| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 18 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| >15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| | N/A |

RN DISPOSITION

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # | RDO |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC-CD 3310 (Rev. 11/05)    DISTRIBUTION: ORIGINAL

2 B OF

Template Date 4/4/2012
State of California

Attachment E-2
Department of Corrections and Rehabilitation

# Memorandum

Date  :   June 11, 2019

To  :   Lewis, CDCR # BH5097
~~D5-118L Wasco State Prison~~

RJD S-WF-135 - 7-29-19.

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # SATF-E-19-1717 SECOND LEVEL
RESPONSE**

**APPEAL ISSUE:** You allege Officers Johnson and Jimenez improperly loaded you
on the American Disability Act, Van failed to strap restraints on your wheelchair and
drove recklessly from Facility E to the Correctional Treatment Center. As a result,
you allegedly fell out of your wheelchair and incurred injuries.

**DETERMINATION OF ISSUE:** Your allegation of staff misconduct has been
reviewed by the hiring Authority. As a result of that review your appeal was referred
for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:** You were interviewed on <u>May 19, 2019 by</u>
Correctional Lieutenant M. Lopez and you stated, "I was not buckled in correctly and
no restraints were placed on my wheelchair. I was told to put on my brakes. Johnson
was driving and Jimenez didn't secure my chair. Yeah I received injuries. No I was
not medically evaluated after it happened."

An Appeal Inquiry has been conducted and reviewed by the hiring authority. The
following individuals were interviewed: Correctional Lieutenant M. Smith, Correctional
Sergeant Piper and Officers Johnson and Jimenez. As a result of your staff
misconduct allegation the following information was reviewed: Memorandums written
by Sergeant Piper, Officers Johnson and Jimenez. A visual check was conducted of
ADA Van B-33, your offender demographics screen on the Strategic Offender
Management System, Medical Reports of Injury, of you, dated February 28, 2019
conducted at 1420 hours and 2000 hours. Staff did not violate CDCR policy with
respect to the issues raised.

**FINDINGS:** Your appeal is PARTIALLY GRANTED in that an Appeal Inquiry into
your allegation has been conducted.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such,
the details of any inquiry or investigation will not be shared with staff, members of the
public, or offender appellants. Although you have the right to submit a staff
complaint, a request for administrative action regarding staff or the placement of
documentation in a staff member's personnel file is beyond the scope of the staff
complaint process. Allegations of staff misconduct do not limit or restrict the
availability of further relief via the inmate appeals process. If you wish to appeal the

Template Date 4/4/2012                                         Attachment E-2

Page 2

decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

Name M. LOPEZ        Signature _____        6/11/2019
       Interviewer                                    Date

Name _____       Signature _____        6/12/19
       Hiring Authority                               Date

**CSATF APPEALS**
JUN 13 2019

30 0F

Appeal Log Number: SATF-E-19-1717

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858  (Rev. 10/06)


# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE   [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>LEWIS, D | INMATE/PAROLEE'S SIGNATURE<br>REFUSED TO SIGN | CDC NUMBER<br>BH5897 | DATE SIGNED<br>5/19/2019 |
| RECEIVING STAFF'S PRINTED NAME<br>M. LOPEZ | RECEIVING STAFF'S SIGNATURE<br>41/96 | DATE SIGNED<br>5/19/2019 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

31 OF ___

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date     March 1, 2019

To       J. JOHNSON
         Healthcare Access Captain

Subject:   INMATE LEWIS, BH5097

On Friday, March 1, 2019, at approximately 0730 hours, while assigned as the CTC Sergeant, I received two signed memorandums from Correctional Officer J. Jimenez and Correctional Officer N. Johnson.

According to the memorandums, on Thursday, February 28, 2019, at approximately 1420 hours, Inmate Lewis, BH5097, E1-109L, arrived at the Correctional Treatment Center (CTC) Specialty Clinic for his scheduled Physical Therapy appointment. Lewis was complaining that he had fallen out of his wheelchair, while being transported to the CTC and was in pain. According to the memorandums, the wheelchair was properly strapped in and Lewis was found, on the vehicle floor, in front of the wheelchair. The fall occurred after the arrival at CTC when the vehicle was no longer moving; this was clearly documented in both officers' memorandums.

I spoke with Officer Jimenez about this occurrence. Jimenez told me that Lewis had asked him prior to the transport why there were no seatbelts. Jimenez explained to Lewis that the wheelchair would be secured to the vehicle and it was his responsibility to remain seated in his wheelchair. Jimenez added that a code was not initiated because Lewis had originally refused a medical evaluation, stating that he was fine. Upon Jimenez's insistence a medical evaluation (7219) was performed by Registered Nurse F. Soto.

I retrieved two 7219's from the Treatment Triage Area (TTA) and included them with this memorandum. The initial evaluation, performed by Soto, showed pain to Lewis's neck, shoulder, elbow, hip, and knee, but no injuries. The Inmate's statement was, "I got tipped over when the C/O turned the corner. I wasn't strapped in." An additional 7219 was completed by Registered Nurse A. Lopez at 2000 hours, when Lewis was taken to the TTA complaining of additional pain to his head, neck, and chest. Lewis was not sent to an outside hospital for treatment.

It is my belief that Inmate Lewis staged this event. He brought light to the lack of seatbelts, prior to transport, and fell out of his wheelchair, when the vehicle was no longer moving to prove his point. I feel no further action is required as a result of this occurrence. There is no evidence to show either officer did anything negligent or unsafe during this transport. The officers insured the inmate's health was paramount when they arranged to have him evaluated by medical staff, without delay, following the event.

B. PIPER
CTC SERGEANT

EXHIBIT (A) 2 OF 4

390F

9C0$

State of California

Department of Corrections and Rehabilitation

## Memorandum

Date:   February 28, 2019

To:   SERGEANT B. PIPER

Subject:   INMATE LEWIS BH5097

On Thursday, February 28, 2019, at approximately 1420 hours, while I was performing my duties as CTC Transportation Officer #2, I went to E yard to pick up inmate Lewis BH5097 for his CTC appointment. When my partner J. Jimenez and I returned to CTC, and as the vehicle was at a complete stop I heard a noise. I got out of the vehicle, went to the back of it and saw Inmate Lewis BH5097, E1-109L laying on his left side in front of his upright wheelchair. Officer J. Jimenez unhooked his wheelchair from the floor hooks and moved it to the side so he could assist inmate Lewis back to an upright position and back into his wheelchair. Then Officer J. Jimenez took inmate Lewis into CTC for a 7219 Medical Report of Injury or Unusual Occurrences.

_____
N. JOHNSON 23955
c/o

2/28/19
_____
Date

State of California                                               Department of Corrections and Rehabilitation

## Memorandum

Date:    February 28, 2019

To:      SERGEANT B. PIPER

Subject:  INMATE LEWIS BH5097

On Thursday, February 28, 2019, at approximately 1420 hours while performing my duties as CTC- Transportation Officer #1, I went to E yard to pick up inmate Lewis BH5097 for his scheduled physical Therapy appointment. When we arrived at CTC/Specialty Clinic, the vehicle was at a complete stop, I heard a noise in the back of the vehicle back, saw Inmate Lewis BH5097 E1-109L was on the ground laying on his left side and his wheelchair was in an upright position. I opened the door, went to the back of the vehicle, and unhooked his wheelchair from the floor hooks and moved his wheelchair out of my way to assist him up back onto his wheelchair. I then lowered him from the vehicle via the wheelchair lift and had R.N. Soto complete a Medical Report of Injury or Unusual Occurrences (7219).

_____                                      _2/28/19_
J. JIMENEZ 14430                                                  Date
c/o

EXHIBIT AB OF B



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Sophie Hart
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Shira Tevah
Camille Woods

VIA EMAIL ONLY

May 10, 2019

Ms. Russa Boyd
CDCR Office of Legal Affairs

RE:   *Armstrong* Advocacy Letter
      Transportation of *Armstrong* Class Members, SATF

Dear Ms. Boyd:

We have received several reports from class members at the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) about <u>unsafe transportation</u>.



reported that "when being transported to CTC or other in shuttle van [officers] <u>don't strap your chair</u> down. You lock your brakes but the chair part still tips back and forth. I have actually tipped back and hit my head. Same for elec[tric] carts they use to transport wheelchairs. Also the shuttle is set up to haul 2 chairs, regular size chairs. If they have 2 wide and extra wide they put one where it's supposed to be and the other facing your side tipped up toward you because when they close the lift there's a step that tips the chair forward. You both are literally white knuckle hanging on till you get to where you are going. These are just a couple of my rides like this. I'm sure there are others with the same kind of rides."

EXHIBIT

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer

Ms. Russa Boyd
Re: Transportation of *Armstrong* Class Members, SATF
May 10, 2019
Page 2

Mr. Lewis, BH5097, DPW, D1, reported that on February 28, 2019, transportation officers failed to properly secure him. He reported that no safety straps were used and that he was injured as a result. That same day, a physical therapist entered the following note into the medical record: "Nursing staff notified me that pt had a fall getting off transportation vehicle upon entry to CTC, he was assessed by nursing staff."

We are concerned by these reports. We request that the institution provide increased oversight and training of transportation officers to ensure that people with disabilities are properly secured and safely transported to and from appointments. Thank you for your prompt attention to this matter.

Sincerely yours,

Rita Lomio
Staff Attorney

cc:     Co-Counsel
        Ed Swanson, Court Expert
        Tamiya Davis, Alexander Powell, OLAArmstrongCAT@cdcr.ca.gov, OLA
        Lois Welch, Tricia Ramos, Mike Hallman, OACC
        Danielle O'Bannon, Bryan Kao, Sharon Garske, Janet Chen, Erick Rhoan, OAG
        Kelly Mitchell, Adam Fouch, Teauna Miranda, Laurie Hoogland, DAI
        John Dovey, Vince Cullen, Don Meier, Judy Burleson, Kelli Abernathy, Laurene Payne,
        Ceasar Aguila, Rita Lowe, Samantha Lawrence-Chastain, Olga Dobrynina,
        m_CCHCSAccntLog@cdcr.ca.gov, CCHCS

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date   :   May 31, 2019

To     :   R. Boyd
           Attorney
           CDCR Office of Legal Affairs

Subject :   INMATE ████████████ AND LEWIS, BH5097, CALIFORNIA SUBSTANCE ABUSE
           TREATMENT FACILITY AND STATE PRISON AT COROCORAN

This memorandum is in response to the Prison Law Office advocacy letter, dated
May 10, 2019, regarding ██████████████ and Lewis, BH5097, who are currently
housed at California Substance Abuse Treatment Facility and State Prison at Corcoran
(SATF). The letter pertains to the transportation of *Armstrong* Class Members at SATF.
This memorandum provides a response to identified institutional issues.

Inmate ████████████████████████████████████████████████
██████████████ He claims during the transport the officers were driving
"recklessly" which resulted in him falling out of his wheelchair and falling to the floor.



Inmate **Lewis, BH5097,** contends transportation officers failed to properly secure him in
a vehicle on February 28, 2019, which resulted in an injury.

A review of the circumstances revealed both transporting officers authored
memorandums, dated February 28, 2019, which summarized the incident involving

EXHIBIT (Ø)      =   370F

Advocacy Response for ███████████ AND LEWIS, BH5097
Page 2

inmate Lewis. The officers reported the transport was conducted on grounds where Lewis was being transported from his assigned facility to the Central Treatment Center (CTC). When they arrived at the CTC and came to a complete stop, while the vehicle was at rest and not moving, they heard a noise in the back. Upon inspection of the cause of the noise they observed Lewis lying on the floor next to his wheelchair, which was still secured to the floor. They assisted Lewis up and back into his wheelchair and ensured he received a medical evaluation. *After assessing this incident, it appears staff properly secured the wheelchair to the floor, but failed to properly secure Lewis' body.*

The advocacy letter also addresses an allegation made by an unidentified inmate which claims similar transportation issues. Without the name of the inmate, the allegations could not be assessed.

Based upon the findings of the aforementioned reviews, corrective action in the form of training was conducted with transportation staff. Managers and supervisors which supervise transportation officers have been made aware of the allegations and findings and have been instructed to ensure training is completed with all staff assigned to conduct transports of *Armstrong Class Members*. The training was completed on May 31, 2019.

If you have any questions, or concerns regarding the information I have provided, please feel free to contact me at (559) 992-7516.

S. SMITH
Associate Warden - ADA
California Substance Abuse Treatment Facility at State Prison at Corcoran

3ᵬ OF—



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Sophie Hart
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Shira Tevah
Camille Woods

## LEGAL MAIL - CONFIDENTIAL ✳

June 14, 2019

Daronta Lewis, BH5097
SATF
PO Box 7100
Corcoran, CA 93212-7100

Dear Mr. Lewis:

On May 10, 2019, we wrote an advocacy letter to CDCR about your and others' reports of unsafe transportation at SATF. We sent you a copy on May 13.

We are writing now because on June 3, 2019, we received a response from CDCR. A copy of that response is enclosed. We redacted information about other people to protect their privacy.

According to the response, CDCR investigated your report that on February 28, transportation officers failed to properly secure you, which resulted in an injury. ✳

After the incident you reported, both transport officers wrote memos dated February 28 about what happened. The officers reported that you were being transported from your housing unit to the Central Treatment Center (CTC). They said that when they arrived at the CTC, they came to a complete stop, and once the vehicle was at rest, they heard a noise. They turned and saw you lying on the floor next to your wheelchair, with the wheelchair still secured to the floor. They reported that they helped you back into the wheelchair and made sure you received medical attention.

In their response, CDCR states that "after assessing this incident, it appears staff properly secured the wheelchair to the floor, but failed to properly secure Lewis' body." ✳

Because of what you and others reported, CDCR said that they conducted additional training with transportation staff as "corrective action." Managers and supervisors who supervise transportation officers were made aware of your reports, and were told to be sure to complete training with all staff assigned to transporting people in wheelchairs and other *Armstrong* class members. That training was completed on May 31, 2019.

We understand that this response may be frustrating. In your letter to us in early April, you reported that you were not given an MRI or proper medical care to check for injuries. We encourage you to continue filing CDCR 7362 sick call requests to report any new or worsening symptoms. If you are

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva

34

unsatisfied with the response you receive, we encourage you to file a CDCR 602-HC health care grievance about the medical care you feel you need. We enclose information about how to exhaust your grievances, after which point you can file a personal injury lawsuit. We cannot help or represent you with that lawsuit or any other legal action but we wish you the best.

Thank you for telling us about what happened, Mr. Lewis. Although it may not feel like much, your report may have helped ensure that incidents like this are less likely to happen again.

We send a postage pre-paid envelope in case you need to contact us in the future. Take care of yourself.

Sincerely,

Skye Lovett
Litigation Assistant under Rita Lomio

Enclosures:   Advocacy Response [Redacted] (June 3, 2019); Admin App; Lawyer Referral Service; Personal Injury Manual; Remedies for Inadequate Medical Care; SASE

# PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF SAN JOAQUIN

    I am a citizen of the County of SAN JOAQUIN, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# BH5097. My address is:

        California Health Care Facility

        7707 S. AUSTIN · RD·

        Stockton, CA 95213

    On 4/05/20, 2020, I served via United States Mail a copy of the following document(s): 42 U.S.C. §1983 LAWSUIT DARONTA T. LEWIS  V. STATE OF CALIFORNIA ETC et al.

    The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to: TO: THE CLERK OF THE COURT. UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT. 450 Golden Gate Avenue San Francisco, CA 94102-3485.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on 4/5/, 2020 in San Joaquin County, California.

DARONTA T. LEWIS

Type or Print Name

42.       Daronta T. Lewis

           Signature

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** DARONTA T. LEWIS.
(INDIVIDUALLY),

**DEFENDANTS** DEFENDANT: STATE OF CALIFORNIA, GOVERNOR, DIRECTOR OF CDCR, CONNIE GIPSON SECRETARY OF CDCR RALPH DIAZ, WARDEN, STUART SHERMAN OF CDCR-CSATF, CAPT JOHNSON OF CTC-CSATF, LT. SMITH OF CSATF, SGT. PIPER, N. JOHNSON-J. JIMENEZ, ETC All.

**(b)** County of Residence of First Listed Plaintiff  SAN JOAQUIN.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  (UNKNOWN).
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  N/A (FOR NOW)

Attorneys *(If Known)* ATTORNEY GENERAL OF CALIFORNIA
XAVIER BECERRA-DEPT OF JUSTICE.
P.O. BOX 944255. SACRAMENTO, CA, 94244.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1ST Amend. 4TH Amend. 8TH Amend. 14TH Amend. U.S. Const., (ADA) 42 U.S.C. §12101.
Brief description of cause: ENDANGER OF SAFETY- PROTECTION OF WHEELCHAIR MAN - NO
SAFETY BUCKLE/STRAP IN, IN ADA-VEHICLE. 4TH AMEND. RETALIATION.

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ 315 Million. $ 315 MILLION DOLLARS!
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)
IF ANY**   *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

page (0) OF 41 - DO TO EXHAUSTION OF REMEDIES.